SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 20 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

MARC NICHOLAS

                Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE OFFICER AMJAD KHAN SHIELD #16306, POLICE SERGEANT JOHN RYAN SHIELD #4913

                Defendants,

------------------------------------------------------------ x



COMPLAINT AND JURY DEMAND

Docket No. CV 12 295 WEINSTEIN, J.

ECF CASE

Plaintiff MARC NICHOLAS, by his attorneys, Stoll, Glickman & Bellina, LLP, for his complaint alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights.

2. The claim arises from a February 4, 2011 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, and false imprisonment.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

### JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4),

1367(a) and the doctrine of pendent jurisdiction.

6. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

8. Plaintiff resided at all times here relevant in Kings County, City and State of New York.

9. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10. Officer Amjad Khan was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Officer Khan was plaintiff's "arresting officer" and was under the command of the 70th Precinct of the NYPD. Defendant Khan is sued in his individual capacity.

11. Sergeant John Ryan was, at all times here relevant, a police officer of the NYPD, and as

such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, on February 4, 2011 held the rank of officer and was assigned shield number 27633, though he has now been promoted to sergeant and assigned the shield number referenced above. On information and belief, at all times relevant hereto, Officer Ryan was defendant Khan's partner, assisted in the arrest of plaintiff, and was under the command of the 70th Precinct of the NYPD. Defendant Ryan is sued in his individual capacity.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to this claim, plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On February 4, 2011, at approximately 5:30 PM plaintiff was near the intersection of Rugby Road and Dorchester Road in Brooklyn NY 11226. Plaintiff was riding his bicycle to a friend's home.

14. As plaintiff approached 448 Marlborough Road, he got off the bicycle and walked with it towards the house. Plaintiff never rode his bicycle on the sidewalk. When he reached the house he walked it from the street to the door.

15. Before plaintiff could ring the doorbell, defendants Khan and Ryan approached and stopped plaintiff.

16. Defendants Khan and Ryan proceeded to question plaintiff's presence in the area. Plaintiff explained that he was visiting his friend who lived at the residence and who was expecting him. Defendants then rang the doorbell.

17. While waiting for his friend to come to the door defendants searched plaintiff including

a pat frisk, and a search of his pockets. Defendants did not find anything illegal.

18. A few minutes later plaintiff's friend exited the house and explained that plaintiff was there at his invitation.

19. At this point defendant Ryan announced that he found a marijuana cigarette which he claimed belonged to plaintiff. Defendant Khan then placed plaintiff under arrest.

20. Plaintiff did not possess a marijuana cigarette or any other illegal drugs during this incident.

21. Plaintiff was held against his will at the police precinct for approximately five hours. He was then charged with possession of marijuana and operating a bicycle on the sidewalk, given a desk appearance ticket, and released. After several court appearances all charges were dismissed.

22. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

23. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

24. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of

his person;

b. Violation of his rights to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

f. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

25. The above paragraphs are here incorporated by reference.

26. The defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

27. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

28. Defendants falsely arrested plaintiff and failed to intervene in each other's obviously illegal actions.

29. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION

(MUNICIPAL AND SUPERVISORY LIABILITY)

30. The above paragraphs are here incorporated by reference.

31. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

32. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

33. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice

that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

34. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

35. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

36. The City is aware that all of the aforementioned has resulted in violations of citizens'

constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal. Furthermore, although the City has been on notice, through plaintiff's complaints to the IAB from the first day of the incidents complained of, the City has failed to remedy the wrong.

37. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

38. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but have nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

### THIRD CAUSE OF ACTION
(CONSPIRACY)

39. The above paragraphs are here incorporated by reference.

40. Defendants agreed to violate the plaintiff's rights in the manner described above. Further defendants made an agreement to attempt to cover up their own illegal search and seizure committed against plaintiff.

41. Defendants Khan and Ryan took action in furtherance of this agreement by fabricating the story of marijuana possession and by charging plaintiff with unlawful possession of

marijuana.

42. Plaintiff was injured as a result of defendants' conspiracy.

## FORTH CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

43. The above paragraphs are here incorporated by reference.

44. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

45. Defendants intended to confine plaintiff.

46. Plaintiff was conscious of the confinement and did not consent to it.

47. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

## FIFTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

48. The above paragraphs are here incorporated by reference.

49. Defendants, acting under color of law, violated Plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

50. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SIXTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION)

51. The above paragraphs are here incorporated by reference.

52. Upon information and belief, defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

53. Upon information and belief, defendant City, through the NYPD, owed a duty of care

to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to plaintiff's as a result of this conduct.

54. Upon information and belief, defendant officers were incompetent and unfit for their positions.

55. Upon information and belief, defendant City knew or should have known through exercise of reasonable diligence that the officer defendants were potentially dangerous and had previously falsely arrested civilians without probable cause.

56. Upon information and belief, defendant City's negligence in hiring and retaining the officer defendants proximately caused plaintiff's injuries.

57. Upon information and belief, because of the defendant City's negligent hiring and retention of defendant officers, plaintiff incurred damages described above.

## SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

58. The above paragraphs are here incorporated by reference.

59. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

60. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED: January 17, 2012
Brooklyn, New York

Respectfully yours,

*/s/ Nicholas Mindicino*

By: Nicholas Mindicino, Esq.
Bar#: NM0437
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue
Brooklyn, NY 11217
P: (718) 852-3710
F: (718) 852-3586
NMindicino@stollglickman.com

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Officer Amjad Khan Shield #16306
NYPD – Intelligence Division
1 Police Plaza, Room 1108
New York NY 10038

Sgt. John Ryan Shield #4913
NYPD – 13th Precinct
230 East 21st Street,
New York NY 10011